UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN,

        Plaintiff,

v.

THE HANOVER INSURANCE
GROUP and DANELLE WATTS,

        Defendants.

                                             /

Case No. 2:19-cv-12024

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING DEFENDANT
WATTS'S MOTION TO DISQUALIFY PLAINTIFF'S
COUNSEL [70] AND REQUIRING A JOINT STATUS REPORT**

      Defendant Danelle Watts moved to disqualify Plaintiff's attorney Mr. Alvin Keel. ECF 70. Defendant Hanover Insurance Group concurred in the motion, ECF 72, and Plaintiff opposed the motion, ECF 71. The Court reviewed the briefs and finds a hearing is unnecessary. *See* E.D. Mich. LR 7.1(f). For the following reasons, the Court will deny the motion to disqualify.

## BACKGROUND

      In 2016, Watts and Plaintiff were in a car accident. ECF 70, PgID 874. After the accident, Mr. Keel represented Watts in a criminal matter stemming from the event. ECF 71, PgID 930. Watts later pleaded guilty to operating while intoxicated ("OWI") causing serious injuries. *Id*. At the same time, Mr. Keel also represented Watts in a civil matter for her personal injury protection ("PIP") claims against her insurer that stemmed from the 2016 accident. *Id*. at 910–11.

1

According to Mr. Keel, he stopped representing Watts in December 2017, except for when he responded to a June 2018 letter from her insurance company about a possible over-payment of lost-wage benefits. *Id.* at 911, 926. Thirteen months later, Mr. Keel responded to the insurance company and attached a letter from Watts's doctor that apparently cleared up the issue. ECF 70-2. The next day, Mr. Keel—on Plaintiff's behalf—filed the present complaint. ECF 1. The complaint alleged that Watts was liable for Plaintiff's injuries in the 2016 accident. *See id.*

Before Mr. Keel filed the complaint, Watts signed a document that waived any attorney conflict for Mr. Keel. ECF 71, PgID 932. In the waiver, Watts affirmed that she received advice from Mr. Keel about his representation of Plaintiff in the lawsuit against her. *Id.* She also explained that she had consulted with another attorney about the conflict waiver. *Id.* In the end, the waiver stated that Watts "knowingly [and] voluntarily waive[d] any possible [a]ttorney conflict of interest which may or may not exist." *Id.* And it affirmed that she "consent[ed] to Attorney Alvin L. Keel representing [Plaintiff] in a civil lawsuit against me for the accident I caused resulting in serious injuries to [Plaintiff]." *Id.*

## LEGAL STANDARD

"A motion to disqualify counsel is the proper method for a party to bring an alleged breach of ethical duties to the court's attention." *DeBiasi v. Charter Cnty. of Wayne*, 284 F. Supp. 2d 760, 770 (E.D. Mich. 2003). Federal courts disfavor motions to disqualify and consider such motions "a drastic measure which courts should hesitate to impose except when absolutely necessary." *In re Valley–Vulcan Mold Co.*,

237 B.R. 322, 337 (B.A.P. 6th Cir. 1999), *aff'd*, 5 F. App'x 396 (6th Cir. 2001) (citation and internal quotation marks omitted).

To that end, federal courts "review motions to disqualify counsel with 'extreme caution because it can easily be misused as a harassment technique.'" *State Farm Mut. Auto. Ins. Co. v. Elite Health Ctr's, Inc.*, No. 16-13040, 2019 WL 2576360, at *1 (E.D. Mich. June 24, 2019) (citing *Howard v. Wilkes & McHugh, P.A.*, No. 06-2833, 2007 WL 4370585, at *6 (W.D. Tenn. Dec. 3, 2007)). The moving party bears a heavy burden to prove disqualification. *MJK Family LLC v. Corporate Eagle Mgmt. Servs.*, 676 F. Supp. 2d 584, 592 (E.D. Mich. 2009). Finally, the Court need not hold an evidentiary hearing when reviewing a motion to disqualify. *Id.* (citing *Gen. Mill Supply Co. v. SCA Servs.*, 697 F.2d 704, 710 (6th Cir. 1982).

## DISCUSSION

The Michigan Rules of Professional Conduct ("MRPC") govern the standards for the present motion to disqualify. *See Nat. U. Fire Ins. Co. of Pittsburgh, Penn. v. Alticor, Inc.*, 466 F.3d 456, 458 (6th Cir. 2006), *vacated on other grounds*, 472 F.3d 436 (6th Cir. 2007). For the present motion, three rules govern Mr. Keel's representation.[1] First, MRPC 1.9(a) prohibits "[a] lawyer who has formerly represented a client in a matter" from "represent[ing] another person in the same or a substantially related matter in which that person's interests are materially adverse to the interests of the former client unless the former client consents after

---

[1] MRPC 1.7 does not apply to the present motion because Mr. Keel had stopped representing Watts before he filed the present complaint, thus making her a former client, a situation addressed by MRPC 1.9. *See* ECF 1, 70-2.

3

consultation." Second, MRPC 1.10 specifies that "[w]hile lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by [MRPC 1.9(a)]." And third, MRPC 1.9(c) prohibits a lawyer from using or revealing "information relating to the representation" of a former client "to the disadvantage of the former client[.]" The Court will address each rule in turn.

I. MRPC 1.9(a)

Although the Sixth Circuit long ago provided a test to determine whether disqualification is appropriate, the Court finds the test inapplicable to the present conflict analysis for four reasons. First, the Sixth Circuit adopted the test before Michigan enacted the MRPC in 1988. *See Dana Corp. v. Blue Cross & Blue Shield Mut. of N. Ohio*, 900 F.2d 882, 889 (6th Cir. 1990) (noting that the Sixth Circuit employs "[a] three-part test for disqualification . . . .") (citing *City of Cleveland v. Cleveland Electric Illuminating*, 440 F. Supp. 193, 207 (N.D. Ohio 1976), *aff'd*, 573 F.2d 1310 (6th Cir. 1977), *cert. denied*, 435 U.S. 996 (1978)); *see also In re Mardigan Estate*, 502 Mich. 154, 197 (2018) (detailing the Michigan Supreme Court's adoption of the MRPC in 1988). And second, the Sixth Circuit adopted the test in a case involving attorney conduct that occurred in Ohio—not Michigan. *See Dana Corp.*, 900 F.2d at 889. Third, even if the Sixth Circuit's test had interpreted the MRPC, it does not bind the Court. *See Ohio ex rel. Skaggs v. Brunner*, 549 F.3d 468, 472 (6th Cir. 2008) ("No federal court has the final say on what [state] law means.").

4

And last, the test fails to address the most crucial element of MRPC 1.9(a): the former client's consent. *See Dana Corp.*, 900 F.2d at 889. To that end, the Court need not address whether a MRPC 1.9(a) conflict exists for Mr. Keel because the Court can decide the motion on the narrower ground of consent. *See In re Ervin Testamentary Tr.*, Nos. 249974, *et al.*, 2005 WL 433573, at *2 (Mich. Ct. App. Feb 24, 2005) (per curiam) ("The plain language of the rule does not indicate . . . that disqualification is automatic when a conflict exists.").

To begin, the key clause in MRPC 1.9(a) is whether the "former client consents after consultation." Breaking that down, three elements must be met: (1) a former client, (2) who consents, and (3) after a consultation. The parties dispute only the last two elements.

For the element of consent, the term is not defined in the MRPC. But the Sixth Circuit has explained that under Michigan law, a former client need only give "a general consent" to future conflicts. *CenTra, Inc. v. Estrin*, 538 F.3d 402, 416 n. 9 (6th Cir. 2008). As for the element of consultation, the comments to the MRPC define the term as "communication of information reasonably sufficient to permit the client to appreciate the significance of the matter in question." MRPC 1.0.

Putting the two elements together, the comment to MRPC 1.9 explains that "[d]isqualification from subsequent representation is for the protection of clients and can be waived by them. A waiver is effective only if there is disclosure of the circumstances, including the lawyer's intended role on behalf of the new client." In turn, counsel need only explain the nature of the representation and "the parameters

5

that would guide any further representation[.]" *Rymal v. Baergen*, 262 Mich. App. 274, 321 (2004). After the consultation, a former client may agree and consent to validly waive any general conflict that may arise. *Id.*; *see also CenTra, Inc.*, 538 F.3d at 416 n. 9 ("[U]nder Michigan law a client may signal that she is aware that future conflicts may arise and can consent to those in advance through written agreement [so long as] . . . the client is informed of the conflicts in general and consents in general."). In short, if the former client is aware of the litigation's history and nature, then the former client's waiver persists "even in the face of a conflict of interest." *Rymal*, 262 Mich. App. at 321.

Here, Watts's waiver affirmed that Mr. Keel spoke to her about the potential conflict of interest that would arise if he represented Plaintiff and advised her to discuss the matter with another attorney. ECF 71, PgID 932. Watts did consult another attorney and stated that she "knowingly waives any possible [a]ttorney conflict of interest which may or may not exist." *Id.* Because the waiver's language is "clear and unambiguous . . . the language must be held to express the intention of the parties[.]" *City of Kalamazoo v. Mich. Disposal Serv. Corp.*, 125 F. Supp. 2d 219, 243 (W.D. Mich. 2000). The Court therefore finds that Watts validly waived the conflict of interest for Mr. Keel to represent Plaintiff. *See Rymal*, 262 Mich. App. at 321 (detailing the requirements for consent and consultation under MRPC 1.9(a)).

Although Watts's waiver did not explicitly detail the potential conflicts that may arise from Mr. Keel representing Plaintiff, the waiver is still valid. For one, a former client need only consent in general to future conflicts. *Centra, Inc.*, 538 F.3d

at 416 n. 9. And second, "the goal [of waivers] should be for the client to be able to recognize the legal implications and possible effects of the representation at the time the waiver is signed." *Mich. Disposal Serv. Corp.*, 125 F. Supp. 2d at 243. For that reason, the Court must look "not only [at] the language of the waiver but the sophistication of the client, the client's familiarity with the conflict, the longevity of the relationship between the client and lawyer, and the legal issues involved." *Id.*

Although Watts is not an attorney, she did consult with independent counsel about the conflict of interest. ECF 71, PgID 932. What is more, Watts has not alleged that the independent counsel inadequately discussed the conflict waiver with her, and the Court finds that the legal issues here are not complex. *See* ECF 70; *see also Mich. Disposal Serv. Corp.*, 125 F. Supp. 2d at 243. Thus, even though Watts and Mr. Keel have had an attorney-client relationship for a few years, Watts validly consented to the conflict under MRPC 1.9(a). Because Watts consented, Watts has not satisfied the heavy burden of proving disqualification under MRPC 1.9(a).

II. MRPC 1.10

As for MRPC 1.10, the Court finds that because Mr. Keel's representation does not violate MRPC 1.9(a), Mr. Keel's firm is not prohibited from representing Plaintiff. MRPC 1.10 ("While lawyers are associated in a firm, none of them shall knowingly represent a client when any one of them practicing alone would be prohibited from doing so by [MRPC 1.9(a)].").

III. MRPC 1.9(c)

And last, the Court finds that Mr. Keel has not violated MRPC 1.9(c)'s prohibition on a lawyer using or revealing information relating to the former client's representation to the disadvantage of the former client. In particular, "there [is] no evidence that [Mr. Keel] used any confidential information obtained through the limited representation to the disadvantage of [Watt]." *Rymal*, 262 Mich. App. at 321. The only evidence that Watts offered to suggest that Mr. Keel had violated MRPC 1.9(c) is Mr. Keel offering her OWI guilty plea as evidence in a summary judgment motion. ECF 70, PgID 887. But the guilty plea, ECF 71, PgID 930, is a public record and the comments to MRPC 1.9 explain that nothing "preclude[s] [a] lawyer from using generally known information about [a former] client when later representing another client." In all, Watts failed to meet her heavy burden to prove disqualification under MRPC 1.9(c). The Court will deny the motion to disqualify.

IV. Joint Status Report

Because the parties have pending dispositive motions, the Court will require the parties to file a joint status report detailing whether they will agree to participate in mediation with retired Judge Daniel Ryan. The parties must file the report no later than January 21, 2021.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that Defendant Watts's motion to disqualify Plaintiff's counsel [70] is **DENIED**.

8

**IT IS FURTHER ORDERED** that the parties must **FILE** the above described joint status report no later than **January 21, 2021**.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: January 14, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on January 14, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager