UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN,

          Plaintiff,

v.

DANELLE WATTS and THE
HANOVER INSURANCE GROUP,

          Defendants.
_____/

Case No. 2:19-cv-12024

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER DENYING
PLAINTIFF'S MOTIONS TO ENFORCE SETTLEMENT [89]
AND FOR LEAVE TO FILE A SUMMARY JUDGMENT MOTION [93]**

After the parties attended mediation proceedings with Mr. Patrick Seyferth, Plaintiff moved to enforce the settlement. ECF 89. The parties fully briefed the motion. ECF 90; 91. Shortly after, the Court denied as moot Defendant Hanover's then-pending motion for reconsideration. ECF 92. In that order, the Court granted Hanover leave to file a second summary judgment motion as to its fraud and material misrepresentation affirmative defenses. *Id.* at 1136. The Court granted leave so that the parties could "create a more adversarial posture for briefing and [could] develop the record more robustly on the merits of Hanover's affirmative defenses." *Id.* Three days after the order, Plaintiff moved for leave to file a new summary judgment motion. The Court has reviewed the briefs for the pending motions and a hearing is unnecessary. *See* E.D. Mich. L.R. 7.1(f). The Court will first deny the motion to enforce the settlement and then deny the motion for leave.

1

I.   Motion to Enforce Settlement

Plaintiff and Defendant Watts agreed to settle their dispute for $100,000—the maximum limit under Watts's underinsured coverage. ECF 89, PgID 1111. Because of the settlement, Watts sought a subrogation waiver from Hanover and Hanover's consent to the settlement. *Id.* Watts's counsel sent the request via email to Hanover's counsel on April 7. *Id.*

Hanover received the April 7 email but did not waive its subrogation right. ECF 90, PgID 1118. Hanover claimed that based on the insurance policy's terms, Plaintiff needed to notify Hanover about the settlement and subrogation request via certified or registered mail—not email. *Id.* at 1118–19.

The Court will deny the motion because Plaintiff did not comply with the insurance policy's plain terms when it sought Hanover's consent to the settlement. The policy states, "[a] person seeking [u]nderinsured [m]otorists [c]overage must" "notify [Hanover] in writing by *certified* or *registered mail* of a tentative settlement between the 'insured' and the insurer of the 'underinsured motor vehicle' and allow [Hanover] 30 days to advance payment to that 'insured'." ECF 90, PgID 1128–29 (emphasis added).[1] Plaintiff ignored this policy provision by failing to notify Hanover of the settlement by certified or registered mail.

The Court must enforce the policy term because "unless a contract provision violates law . . . a court must construe and apply unambiguous contract provisions as

---

[1] Tellingly, Plaintiff's motion failed to attach this crucial policy language to the motion. Instead, Plaintiff attached only one page of the four-page policy to the motion. ECF 89, PgID 1113.

written." *Rory v. Cont'l Ins. Co.*, 473 Mich. 457, 461 (2005). Indeed, courts lack the authority to change clear contract terms under Michigan law. *Id*. On that basis, "[a]ny clause in an insurance policy is valid as long as it is clear, unambiguous and not in contravention of public policy." *Id*. at 483 (quoting *Raska v. Farm Bureau Mut. Ins. Co. of Mich.*, 412 Mich. 355, 361–62 (1982)). Because Plaintiff ignored the policy's clear text, the Court will deny the motion to enforce the settlement.

II. <u>Motion for Leave to File a Summary Judgment Motion</u>

The Court will also deny the motion for leave because Plaintiff lacks good cause to grant it. "District courts may in their discretion permit renewed or successive motions for summary judgment" because denying summary judgment lacks preclusive effect. *Kovacevich v. Kent State Univ.*, 224 F.3d 806, 835 (6th Cir. 2000) (Gilman, J. concurring) (citing *Whitford v. Boglino*, 63 F.3d 527, 530 (7th Cir. 1995)). Courts may grant a successive summary judgment motion when there is "(1) an intervening change in controlling law; (2) the availability of new evidence or an expanded factual record; and (3) the need to correct a clear error or prevent manifest injustice." *Whitford*, 63 F.3d at 530.

When the Court ruled on Hanover's motion for reconsideration, the Court granted Hanover leave to file a second summary judgment motion based on the third reason. ECF 92, PgID 1136. As the Court stated, "[g]ranting leave to file a second summary judgment motion will create a more adversarial posture for briefing and develop the record more robustly on the merits of Hanover's affirmative defenses." *Id*.

Plaintiff, however, has not shown that his circumstances require granting leave to file a second summary judgment motion. To start, Local Rule 7.1(b)(2) requires a party to "challenge [] several counts of a complaint . . . in a single [summary judgment] motion." Plaintiff did not do that. *See* ECF 80, PgID 1021. "Parties are generally expected to set forth all their arguments in support of summary judgment in a single dispositive motion; piecemeal litigation at the summary-judgment stage is disfavored." *Spengler v. Worthington Cylinders*, 514 F. Supp. 2d 1011, 1021 (S.D. Ohio 2007). Thus, Plaintiff's attempt to litigate with multiple dispositive motions is solely to blame for Plaintiff's current situation.

Beyond that, Plaintiff claimed "[i]t would be highly unfair and tending toward manifest injustice" to allow Hanover—but not Plaintiff—to move for summary judgment. ECF 93, PgID 1147. Yet that inflated argument glosses over the justification for the Court's order granting Hanover leave to file a second summary judgment motion.

After the Court denied summary judgment to Hanover, Hanover moved for reconsideration. ECF 87. In the motion, Hanover argued that Plaintiff failed to "cite[] any record evidence to establish a genuine dispute as to any material fact" for the fraud and material misrepresentation defenses as required by Federal Rule of Civil Procedure 56(c). *Id.* at 1066. The Court agreed with Hanover and noted that "the Court may have palpably erred when it denied summary judgment to Hanover on the fraud and material misrepresentation defenses." ECF 92, PgID 1135–36. Rather than granting summary judgment and thus ending Plaintiff's case against Hanover, the

4

Court saw an injustice: Plaintiff was not expected to argue the merits of Hanover's affirmative defenses because Hanover had not moved to amend their affirmative defenses at that time. *Id.* at 1136. Although the Court could have considered the argument abandoned, the Court believed that Plaintiff—through his counsel—should have a chance to address the merits. *See Brown v. VHS of Mich., Inc.*, 545 F. App'x 368, 372 (6th Cir. 2013) ("[A] plaintiff is deemed to have abandoned a claim when a plaintiff fails to address it in response to a motion for summary judgment."). Because "cases should be tried on their merits rather than the technicalities," the Court reopened summary judgment as to Hanover's fraud and material misrepresentation affirmative defenses. *Tefft v. Seward*, 689 F.2d 637, 639 (6th Cir. 1982); *see* ECF 92, PgID 1136.

In sum, reopening summary judgment only to Hanover and only on Hanover's affirmative defenses cures an injustice and remedies an inadequately briefed summary judgment argument. Plaintiff has therefore not shown an injustice and lacks good cause to grant leave to file a second summary judgment motion of his own. The Court will deny the motion for leave.

**WHEREFORE**, it is hereby **ORDERED** that the motion to enforce settlement [89] is **DENIED**.

5

**IT IS FURTHER ORDERED** that the motion for leave to file a summary judgment motion [93] is **DENIED**.

**SO ORDERED.**

s/ Stephen J. Murphy, III<br>
STEPHEN J. MURPHY, III<br>
United States District Judge

Dated: July 20, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on July 20, 2021, by electronic and/or ordinary mail.

s/ David P. Parker<br>
Case Manager