UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KENNETH ALLEN,

                Plaintiff,

v.

DANELLE WATTS and THE
HANOVER INSURANCE GROUP,

                Defendants.

_____/

Case No. 2:19-cv-12024

HONORABLE STEPHEN J. MURPHY, III

**OPINION AND ORDER GRANTING
SECOND MOTION FOR SUMMARY JUDGMENT [95] AND
DENYING MOTION TO ENFORCE SETTLEMENT [102] AS MOOT**

The Court granted Defendant Hanover Insurance Group leave to file a second summary judgment motion on its fraud and material misrepresentation defenses. ECF 92, PgID 1137. Hanover then moved for summary judgment, ECF 95, and the parties fully briefed the motion, ECF 97; 98. Plaintiff later renewed a motion to enforce a settlement agreement with Defendant Danelle Watts.[1] ECF 102; *see* ECF 89 (first motion to enforce settlement); ECF 96 (order denying motion to enforce settlement). After reviewing the briefs, the Court need not hold a hearing on the motions. *See* E.D. Mich. L.R. 7.1(f). For the following reasons, the Court will grant

---

[1] The Court will order the Clerk of the Court to strike Plaintiff's reply brief to the motion to enforce settlement. ECF 104. Local Rule 7.1(e)(1)(B) required Plaintiff to file the reply brief within seven days after Hanover's response was served. Plaintiff filed the reply brief twelve days after Hanover's response.

1

the summary judgment motion and deny the motion to enforce the settlement as moot.

## BACKGROUND

In the interest of judicial economy, the Court will adopt the background section in the order denying Hanover's first summary judgment motion. ECF 80, PgID 1016–19.

## LEGAL STANDARD

The Court must grant a motion for summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). A moving party must identify specific portions of the record that "it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). Once the moving party has met its burden, the non-moving party may not simply rest on the pleadings but must present "specific facts showing that there is a genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986) (quoting Fed. R. Civ. P. 56(e)) (emphasis omitted).

A fact is material if proof of that fact would establish or refute an essential element of the cause of action or defense. *Kendall v. Hoover Co.*, 751 F.2d 171, 174 (6th Cir. 1984). A dispute over material facts is genuine "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). When considering a motion for summary judgment, the Court must view the facts and draw all reasonable inferences "in the

light most favorable to the non-moving party." *60 Ivy St. Corp. v. Alexander*, 822 F.2d 1432, 1435 (6th Cir. 1987) (citations omitted).

## DISCUSSION

Hanover moved for summary judgment on its affirmative defense that Plaintiff committed fraud. ECF 95, PgID 1182–92. On that basis, Hanover argued its policy is void based on the policy's fraud exclusion provision. *Id.* at 1182–84.

To prove that an insured committed fraud, "an insurer must show that (1) the misrepresentation was material, (2)" "it was false, (3)" "the insured knew that it was false at the time it was made or that it was made recklessly, without any knowledge of its truth, and (4)" "the insured made the material misrepresentation with the intention that the insurer would act upon it. A statement is material if it is reasonably relevant to the insurer's investigation of a claim." *Bahri v. IDS Prop. Cas. Ins. Co.*, 308 Mich. App. 420, 424–25 (2014) (citation omitted); *see Bartalino v. Citizens Ins. Co. of the Midwest*, 526 F. Supp. 3d 277, 2021 WL 978810, at *4 (E.D. Mich. 2021) (Murphy, J.) (explaining that *Bahri* applies because Michigan No-Fault law does not require underinsured motorist insurance).

Here, the misrepresentation was Plaintiff's counsel sending a January 2019 letter to Hanover stating that "[t]he Auto Club Group has agreed to pay Mr. Allen its policy limits of $100,000.00 in settlement of his claims against them." ECF 95-10, PgID 1224. The statement is material because "it is reasonably relevant to the insurer's investigation of a claim." *Bahri*, 308 Mich. App. at 425 (quotation omitted). Indeed, the insurance policy requires, as a condition precedent, "[t]he limits of

liability under any bodily injury liability bonds or policies applicable to the 'underinsured motor vehicle' [to be] exhausted by payment of judgments or settlements." ECF 95-4, PgID 1210; *see Archambo v. Laws. Title Ins. Corp.*, 466 Mich. 402, 411 (2002) ("A 'condition precedent' is a condition that must be met by one party before the other party is obligated to perform.") (citation omitted). The misrepresentation that Plaintiff had an agreement with the Auto Club Group ("AAA") was therefore material.

The statement is false because Plaintiff did not have an agreement from AAA to settle the policy. ECF 95-14, PgID 1233 (parties' stipulation that "[o]n January 22, 2019 and at the time the correspondence attached as Exhibit A was sent to Defendant Hanover, Plaintiff did not have an offer from AAA, on behalf of Defendant Watts."). Plaintiff unsuccessfully tried to create a genuine issue of material fact about whether the statement was false. ECF 97, PgID 1314. Plaintiff's counsel submitted an affidavit that claimed before January 22, he had obtained a "verbal settlement" or "tentative agreement" from AAA's claims adjuster. ECF 97-1, PgID 1346. The Court will address three areas of concern with Plaintiff's reasoning.

First, Plaintiff cannot contradict the stipulation's plain language by submitting an affidavit because the stipulation is binding. *FDIC v. St. Paul Fire & Marine Ins. Co.*, 942 F.2d 1032, 1038 (6th Cir. 1991); *see also Sprint Nextel Corp. v. Wireless Buybacks Holdings, LLC*, 938 F.3d 113, 132 (4th Cir. 2019) ("A true stipulation is a conclusive resolution of a factual issue that is binding for the rest of the litigation.") (citing *Christian Legal Soc'y v. Martinez*, 561 U.S. 661, 677–78

(2010)). Here, the affidavit contradicts the stipulation's plain language. The parties stipulated that "Plaintiff did not have an offer from AAA." ECF 95-14, PgID 1233. The parties also stipulated that "[t]here has not been to date any tentative settlement between Plaintiff and Defendant Watts and/or AAA with regard to bodily injury liability limits under the AAA policy of insurance applicable to Defendant Watts." *Id.* Yet, the affidavit boldly claimed the opposite. ECF 97-1, PgID 1346 (stating that Plaintiff had a "verbal settlement" or "tentative agreement" from AAA's claims adjuster). All told, the affidavit's plain text contradicts the stipulated facts.

Second, beyond the factual contradiction, the affidavit inherently contradicts basic contract law. "An agreement to settle a pending lawsuit is a contract and is to be governed by the legal principles applicable to the construction and interpretation of contracts." *Walbridge Aldinger Co. v. Walcon Corp.*, 207 Mich. App. 566, 571 (1994) (citation omitted). "Before a contract can be completed, there must be an *offer* and acceptance." *Pakideh v. Franklin Comm. Mortg. Grp., Inc.*, 213 Mich. App. 636, 640 (1995) (emphasis added). Without an *offer* from AAA, ECF 95-14, PgID 1233, Plaintiff could not, as a matter of law, have had a tentative agreement or settlement with AAA. *See Pakideh*, 213 Mich. App. at 640; *Walbridge Aldinger Co.*, 207 Mich. App. at 571. What is more, in February 2019, counsel for Plaintiff emailed AAA's claims adjuster that he did not have an offer. ECF 97-1, PgID 1361 ("I also need an offer and/or release from AAA."). At bottom, Plaintiff cannot create a genuine issue of material fact under the second *Bahri* element. *See St. Paul Fire & Marine Ins. Co.*, 942 F.2d at 1038.

Third, even if the affidavit could establish a genuine issue of material fact, the Court would have to disqualify Plaintiff's counsel, Mr. Alvin Keel.[2] The Michigan Rules of Professional Conduct ("MRPC") govern the standards for attorneys who practice before the Court. *See Nat. Union Fire Ins. Co. of Pittsburgh, Penn. v. Alticor, Inc.*, 466 F.3d 456, 458 (6th Cir. 2006), *vacated on other grounds*, 472 F.3d 436 (6th Cir. 2007). Under MRPC 3.7(a), "[a] lawyer shall not act as advocate at a trial in which the lawyer is likely to be a necessary witness." "[T]he purpose of the rule is to prevent any problems that would arise from a lawyer's having to argue the credibility and the effect of his or her own testimony, [or] to prevent prejudice to the opposing party that might arise." *People v. Tesen*, 276 Mich. App. 134, 143 (2007). Because Mr. Keel asserted an affidavit to show a genuine issue of material fact, Mr. Keel would ultimately need to testify and be cross-examined about the facts in the affidavit. To that end, Mr. Keel has not suggested that his client knows that Mr. Keel would be disqualified from representing him at trial. In sum, the affidavit is an ineffective attempt to conjure up a genuine issue of material fact when no such issue exists. The facts are simple: the material misrepresentation about the AAA settlement was false.

The third *Bahri* element is easily satisfied. Plaintiff himself stipulated that "at the time the correspondence . . . was sent to Defendant Hanover, Plaintiff did not have an offer from AAA, on behalf of Defendant Watts." ECF 95-14, PgID 1233. The material misrepresentation was therefore known then by Plaintiff to be false.

---

[2] The Court already denied a compelling motion to disqualify Mr. Keel. ECF 77.

And the last element is satisfied. Plaintiff's counsel explained in the letter "on behalf of Mr. Allen I seek your written consent to settlement of The Auto Club Group claim for $100,000.00 and I seek additional payment of damages for Mr. Allen under your policy in an amount of $1,000,000.00." ECF 95-10, PgID 1225. Because exhaustion of the AAA liability insurance was a condition precedent to Hanover's liability, ECF 95-4, PgID 1210, the letter showed that Plaintiff's counsel, on behalf of Plaintiff, made the false material misrepresentation so that Hanover would rely on the statement and pay the policy.

Given the parties' stipulations, ECF 95-14, Plaintiff has not shown a genuine issue of material fact about the *Bahri* elements. Although "whether an insured has committed fraud is [generally] a question of fact for a jury to determine," there is no evidence that shows a genuine issue of material fact on the fraud defense. *Gable v. Citizens Ins. Co. of the Midwest*, No. 341757, 2019 WL 1460182, at *4 (Mich. App. Apr. 2, 2019) (quoting *Meemic Ins. Co. v. Fortson*, 324 Mich. App. 467, 473 (2018)).

Finally, Plaintiff misstated the Federal Rules of Evidence in his attempt to save the claim from summary judgment. Plaintiff claimed that the January 22 letter was a settlement negotiation and thus inadmissible under Federal Rule of Evidence 408. ECF 97, PgID 1314.

Rule 408(a) prohibits using compromise offers and negotiations "to prove or disprove the validity or amount of a disputed claim or to impeach by a prior inconsistent statement." But Hanover is not offering the demand letter for either purpose; Hanover is offering the letter to show the policy is void because Plaintiff's

7

counsel, on behalf of Plaintiff, committed fraud. Hanover's reasoning fits within the exception to the rule that evidence may be admissible "for another purpose." Fed. R. Evid. 408(b). When "a statement is made to induce reliance or made in bad faith, the Rule will not prohibit its introduction in evidence." *Dow Chem. Co. & Subsidiaries v. United States*, 250 F. Supp. 2d 748, 804 (E.D. Mich. 2003) (citing *Uforma/Shelby Bus. Forms, Inc. v. NLRB*, 111 F.3d 1284, 1293–94 (6th Cir. 1997) (Rule 408 does not protect wrongs committed during the negotiations unrelated to the subject of the compromise)). It follows that the exception "is quite consistent with its goal of encouraging settlement, as it is difficult to understand how protecting fraud and deception will in any way advance parties' confidence in the settlement process." *Id.* at 805. Hanover's use of the demand letter fits within Rule 408(b)'s exception and thus the letter is admissible.

Even more to the point, Rule 408 does not apply because "[t]o invoke the exclusionary rule, an actual dispute must exist, preferably some negotiations, and at least an apparent difference of view between the parties as to the validity or amount of the claim." 2 Robert P. Mosteller, *McCormick on Evidence* § 266 (8th ed. 2020). Plaintiff's counsel sent the unsolicited letter to Hanover before the parties ever disputed liability—let alone began negotiating settlement. ECF 95-10; *see* ECF 95-12 (claim note); ECF 95-13 (March 2019 denial letter from Hanover). In short, no dispute existed, and the parties' views did not differ when Mr. Keel sent the letter to Hanover. As a result, Rule 408 does not bar the letter's admissibility.

The Court will grant summary judgment to Hanover because the policy is void under the fraud exclusion clause. Because the policy is void, the motion to enforce the settlement based on the Hanover policy's terms, ECF 102, is denied as moot.

## CONCLUSION

The Court will direct a final judgment entry as to Hanover under Civil Rule 54(b). The only claims remaining are the claims against Watts. In April, Plaintiff and Watts agreed to settle the dispute for $100,000. ECF 97-1, PgID 1325. Given the settlement, there is no longer a case or controversy before the Court. The Court will therefore dismiss the case without prejudice and require Plaintiff and Watts to file closing documents dismissing the case with prejudice no later than December 13, 2021. The Court will retain jurisdiction to resolve any disputes over settlement matters, including reopening the case, and holding a trial if the settlement ultimately fails.

## ORDER

**WHEREFORE**, it is hereby **ORDERED** that the second summary judgment motion [95] is **GRANTED**.

**IT IS FURTHER ORDERED** that the motion to enforce settlement [102] is **DENIED AS MOOT**.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **STRIKE** ECF 104.

**IT IS FURTHER ORDERED** that the Clerk of the Court must **ENTER** judgment as to Defendant Hanover.

**IT IS FURTHER ORDERED** that the claims against Defendant Watts are **DISMISSED WITHOUT PREJUDICE**.

**IT IS FURTHER ORDERED** that Plaintiff and Defendant Watts must **FILE** their closing documents dismissing the case with prejudice **no later than December 13, 2021**.

This is a final order that closes the case.

**SO ORDERED.**

s/ Stephen J. Murphy, III
STEPHEN J. MURPHY, III
United States District Judge

Dated: October 21, 2021

I hereby certify that a copy of the foregoing document was served upon the parties and/or counsel of record on October 21, 2021, by electronic and/or ordinary mail.

s/ David P. Parker
Case Manager